WILLIAM COLES, RESPONDENT, v. CHARLES E. APPLEBY, APPELLANT, IMPLEADED WITH JAMES C. BENHAM AND OTHERS.

*Mortgage—when the receipt of the amount due thereon by the mortgagee, from a grantee assuming it, does not operate as a payment thereof—the grantees of land may enforce the equities existing in favor of their grantors.*

This action was brought to foreclose a mortgage given by one Benham to Joseph Coles. After it was given Benham conveyed, by a full covenant deed, a portion of the mortgaged premises to one Beach, and the residue thereof to one Baldwin, the amount due on the mortgage being retained from the price paid by Beach, who promised Benham to pay the same therewith. Subsequently, upon a settlement had between Joseph Coles and Beach, the amount due upon the mortgage was paid to Coles, but not with the intention of satisfying the mortgage, which was assigned to the plaintiff in place of a mortgage for the same amount, then held by him, and which Beach desired to have, and which was, satisfied. Subsequently Beach mortgaged the lot in question, together with other premises, to one Appleby, who thereafter foreclosed the mortgage and purchased the premises at the sale.

*Held,* that by procuring the Coles mortgage to be assigned to the plaintiff and by paying interest upon it until the time of his death, Beach showed that he did not intend to satisfy the same, and that his acts amounted to the making of a new mortgage.

That as Beach would, as against Benham, have been estopped from claiming that the mortgage had not been paid, and as the several grantees stood in the shoes of their respective grantors, the lot mortgaged to and purchased by Appleby must be sold before the lot conveyed by Benham to Baldwin.

APPEAL from a judgment of foreclosure and sale, entered upon trial of this action by the court, without a jury.

The justice before whom the action was tried, found, among other things: "That the defendant, James C. Benham, on or about May 11, 1868, executed and delivered to one Joseph Coles, a bond for $600, together with a mortgage to secure the payment thereof, which covered the premises hereinafter referred to.

"That James C. Benham and wife, by a deed bearing date the first day of January, 1870, for the consideration of thirteen hundred dollars, conveyed to Elias J. Beach a portion of the premises embraced in the said mortgage to Joseph Coles, being the whole of the said premises, except a strip of land twenty feet one and one-half inches in width, fronting on School street, and extending back

one hundred and twenty-eight feet, which said strip was on the same day conveyed to one Jonathan Baldwin. That the said deeds were, in form, the usual full covenant warranty deeds, the grantor cove- nanting that the premises thereby conveyed were free from all incum- brances. That at the time of receiving the said deed the said Beach. paid to the said Benham the sum of $700 in cash, and retained $600,. and promised the said Benham to pay the mortgage in question there- with. That afterwards and on or about November 1, 1873, the said Joseph Coles, by an assignment bearing date that day, and for the con- sideration therein mentioned, assigned to William Coles, the plaintiff in this action, the said bond and mortgage, together with the moneys. due, and to grow due thereon, with the interest, and thereupon the said bond and mortgage was delivered to the said plaintiff, who has. ever since been and still is the lawful owner and holder thereof,. which said assignment is recorded in the office of the Clerk of Queens. County in Liber 343 of Mortgages, page 424, on August 22, 1877.. That on July 10, 1873, Joseph Coles, who was then the owner and holder of the said bond and mortgages, and Elias J. Beach had an accounting and statement, and on that day the said Beach paid to the said Coles the sum of $154, which, with a mortgage of $1,000,. was the balance found due from the said Beach to the said Coles. upon such accounting, including the amount due on the $600 mort- gage, a note of $500, and one month's interest on the Mooney mort- gage, but that it was not the intention of the said Beach and the said Coles, that the said bond and mortgage were to be thereby satisfied and paid. That on February 10, 1874, the said Elias J. Beach and his wife, in order to secure the sum of $10,000, at that time advanced and loaned to him by the defendant Charles E. Appleby, executed and delivered to the said Appleby a mortgage embracing the said premises conveyed to the said Beach by the said Benham and wife (with other premises), which mortgage was. recorded in said Clerk's office in Liber 283 of Mortgage, page 100, on February 17, 1874, but that the said Appleby did not examine the title to the said premises before taking the said mortgage. That upon a sale had under a foreclosure of the said mortgage Appleby became. the purchaser of the mortgaged premises. That the said Beach died on the 18th day of May, 1877, seized of the said mortgaged prem--

ises, and that up to that time the interest upon the plaintiff's mortgage had always been paid."

The judgment directed that that portion of the mortgaged premises sold by Benham to Beach be first sold under the decree.

*Daniel P. Hays*, for the respondent.

*A. H. Wagner*, for the appellant.

*Jno. J. Armstrong*, for James C. Benham.

GILBERT, J.:

Before the assignment of the bond and mortgage in suit, Benham, the mortgagor, had conveyed the mortgaged premises to Beach. Afterwards the mortgagee received from Beach the full amount of the mortgage debt. Ordinarily this would be legally regarded as a payment thereof. But it appears that Beach had occasion to procure a satisfaction of a mortgage for a like amount which the plaintiff held against one Betts. Accordingly, he caused the bond and mortgage in suit to be assigned to the plaintiff, and so transferred the same to him in substitution for the Betts mortgage. That, therefore, was equivalent to the making of a new mortgage by Beach, and it occurred before Appleby acquired any interest in the mortgaged premises. Although Beach was bound both by contract and professional duty to satisfy the mortgage, instead of keeping it alive, yet it is plain that he did not do so. The taking of the assignment of it to the plaintiff and his subsequent payments of interest thereon, show that a payment was not intended by him. The decision at Special Term on this point, we think, was clearly correct.

The lot of Appleby should be sold first, for the reason that as between Beach, Appleby's grantor and Benham, Baldwin's grantor, Beach would be estopped from claiming that the bond and mortgage in suit had not been paid, Beach having received from Benham sufficient money to pay it, and having undertaken to pay it. These grantees stand in the shoes of their respective grantors.

None of the exceptions affect the case as it really stood before the court.

The question, whether the infant defendants were proper parties, is not regularly before us.

Judgment affirmed, with costs.

Present—BARNARD, P. J., GILBERT and DYKMAN, JJ.

Judgment affirmed with costs.